UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KYLE MICHAEL BREWER,

    Movant,

v.

696CR041
600CV140

UNITED STATES OF AMERICA,

    Respondent.

### ORDER

Following this Court's judgment denying his 28 U.S.C. § 2255 motion, 600CV140 doc. # 6, defendant Kyle Michael Brewer unsuccessfully appealed. Doc. # 16; *see also* doc. # 18, # 22 (denying his motions to recall the judgment and to recuse the undersigned). He later moved the Court, as some other defendants have done, *see, e.g., U.S. v. Moss*, 497CV108 doc. # 55 (S.D.Ga. Order entered 1/23/06), to assert a *Booker* claim (*see U.S. v. Booker*, 543 U.S. 220 (2005)), in the event *Booker* later became retroactive. Doc. # 23. The Court denied that, doc. # 24, and Brewer now moves under F.R.Civ.P. 60(b)(6) for Relief from Final Judgment. Doc. # 25.

To enable this Court to entertain his Rule 60(b) motion, he cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Doc. # 25 at 2. In *Gonzalez*, a 28 U.S.C. § 2254 petitioner filed a Rule 60(b) motion after the district court denied his § 2254 habeas petition as time-barred. 545 U.S. at 527. The Supreme Court addressed the circumstances when a Rule 60(b) motion should be considered a "second or successive" habeas petition and therefore subject to successive petition restrictions. *Id.* at 528, 538. It held that a Rule 60(b)(6) motion in a § 2254 case must be treated as a successive habeas petition *if* it asserts or reasserts a substantive claim to set aside the petitioner's state conviction, as *opposed* to a defect in the integrity of the federal habeas proceedings. *Id.* at 532.

Opposing Brewer's motion, the Government correctly points out (doc. # 26) that this Court has reached some of Brewer's claims on the merits, *see* doc. # 2 at 5-6 (ineffective assistance claim), which this Court adopted in denying Brewer's 12/29/00 § 2255 motion. Doc. # 5.

The Court therefore ***DENIES*** defendant Kyle Michael Brewer's Rule 60(b) motion (doc. # 25) and, construing it as a successive § 2255 motion, ***DISMISSES*** it for lack of jurisdiction.[1]

This  19  day of February, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT

---

[1] As the Eleventh Circuit explained in a similar case:

> [W]hen a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion. *See* 28 U.S.C. § 2244(b)(2)-(3). Here, the district court, instead, summarily denied [the movant's] Rule 60(b) motion. Accordingly, we affirm, but remand for the limited purpose of allowing the district court to modify its order to reflect that [the movant's] Rule 60(b) motion is dismissed for lack of jurisdiction.

*El-Amin v. U.S.*, 172 Fed.Appx. 942, 946 (11th Cir. 2006); *Wardlaw v. U.S.*, 2007 WL 2084091 at * 1 (M.D.Ga. 7/17/07) (unpublished).

SOUTHERN DISTRICT OF GEORGIA