UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KYLE MICHAEL BREWER,

    Movant,

v.

696CR041
600CV140

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Following this Court's judgment denying his 28 U.S.C. § 2255 motion, 600CV140 doc. # 6, defendant Kyle Michael Brewer unsuccessfully appealed. Doc. # 16; *see also* doc. # 18, # 22 (denying his motions to recall the judgment and to recuse the undersigned). He later moved the Court, as some other defendants have done, *see, e.g., U.S. v. Moss*, 497CV108 doc. # 55 (S.D.Ga. Order entered 1/23/06) (unpublished), to assert a *Booker* claim (*see U.S. v. Booker*, 543 U.S. 220 (2005)), in the event *Booker* later became retroactive. Doc. # 23.

The Court denied that, doc. # 24, and Brewer moved under F.R.Civ.P. 60(b)(6) for Relief from Final Judgment. Doc. # 25. He cited *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *Id.* at 2. In *Gonzalez*, a 28 U.S.C. § 2254 petitioner filed a Rule 60(b) motion after the district court denied his § 2254 habeas petition as time-barred. 545 U.S. at 527. The Supreme Court addressed the circumstances when a Rule 60(b) motion should be considered a "second or successive" habeas petition and therefore subject to successive petition restrictions. *Id.* at 528, 538. It held that a Rule 60(b)(6) motion in a § 2254 case must be treated as a successive habeas petition *if* it asserts or reasserts a substantive claim to set aside the petitioner's state conviction, as *opposed* to a defect in the integrity of the federal habeas proceedings (*e.g.*, a habeas court misapplied the statute of limitations to bar consideration of a claim's merits). *Id.* at 532.

Opposing Brewer's motion (doc. # 26), the Government correctly pointed out that this Court previously reached some of Brewer's claims on the merits, *see* doc. # 2 at 5-6 (ineffective assistance claim), when it denied Brewer's 1/29/00, § 2255 motion. Doc. # 5. The Court therefore denied Brewer's Rule 60(b) motion (doc. # 25) and, construing it as a successive § 2255 motion, dismissed it for lack of jurisdiction.[1] Doc. # 28.

Brewer now F.R.Civ.P. 59(e)-moves for reconsideration, contending that there was a *Gonzalez*-level "defect" in the prior § 2255 proceeding because the Court failed to reach all of his claims -- something the Eleventh Circuit otherwise directs district courts to do.[2] Doc. # 29.

---

[1] As the Eleventh Circuit explained in a similar case:

> [W]hen a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion. *See* 28 U.S.C. § 2244(b)(2)-(3). Here, the district court, instead, summarily denied [the movant's] Rule 60(b) motion. Accordingly, we affirm, but remand for the limited purpose of allowing the district court to modify its order to reflect that [the movant's] Rule 60(b) motion is dismissed for lack of jurisdiction.

*El-Amin v. U.S.*, 172 Fed.Appx. 942, 946 (11th Cir. 2006); *Wardlaw v. U.S.*, 2007 WL 2084091 at * 1 M.D.Ga. 7/17/07) (unpublished).

[2] *See Blankenship v. Terry*, 2007 WL 4404972 at * 4 n. 13 (S.D.Ga. 12/13/07) (unpublished) (collecting cases instructing district courts to reach all habeas claims).

The problem for Brewer, however, is that he is reaching back to a 2001 Judgment, *see* doc. ## 2, 6, and under his reasoning a § 2255 movant can wait for a half *decade* and then move to "correct" judgments perceived to have "missed" an issue or two -- all without hindrance from finality (limitations periods, successiveness) rules/doctrines -- because such omission constitutes a *Gonzalez* defect.

Of course, that violates the very concept of finality that Congress and the appellate courts have sought to advance with various limitations periods, successiveness doctrines, etc. *See generally* 39 AM.JUR.2D *Habeas Corpus* § 148 (Mar. 2008). For that matter, the *Gonzalez* opinion was handed down in 2005 and nothing prevented Brewer from raising his "incompleteness" argument years ago. Too, Brewer was free to challenge this Court's 2001, § 2255 ruling on "incompleteness" grounds when he appealed in 2001. In that the Eleventh Circuit denied him relief, doc. # 16, the Law of the Case doctrine now applies. *Bazemore v. U.S.*, 2007 WL 2376299 at * 2 (S.D.Ga. 8/15/07) (unpublished).

That means that at most Brewer can now seek relief directly from the Eleventh Circuit. *See, e.g., U.S. v. Eaton*, 223 Fed.Appx. 798, 798-99 (10th Cir. 2007) (affirming dismissal of F.R.Civ.P. 60(b)(4) motion, "filed by Defendant ... challenging a perceived defect in the integrity of the district court's June 2, 2006 Order," because he failed to first obtain authorization from the appellate court).

Accordingly, defendant Kyle Michael Brewer's F.R.Civ.P. 59(e) motion (doc. # 29) is ***DENIED***.

This 21 day of May, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA