UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KYLE MICHAEL BREWER,

Movant,

v.           6:00-cv-140

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Movant Kyle Michael Brewer ("Brewer") first moves this Court to reconsider its January 24, 2012 Order denying his motion to recuse. *See* Doc. 61; *see also* Doc. 57.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

"The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources . . . and must be focused against a party to the proceeding." *Hamm v. Members of the Bd. of Regents of the State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (internal citation omitted). "Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." *Id.*

Brewer points to no intervening change in the law, no new evidence, and no clear error of law. *See* Doc. 61. Brewer alleges no extrajudicial source of bias; instead, Brewer founds his motion upon erroneous court practice. *See* Doc. 54 at 4 (identifying "illegal raffle procedure" as foundation for claim of bias). Brewer's motion to recuse has no factual basis whatsoever. *See* Doc. 54. Accordingly, Brewer's motion for reconsideration is **DENIED**.

Brewer also appeals this Court's denial of another motion to reconsider in this case. *See* Doc. 63; *see also* Docs. 53; 60. The Court construes Brewer's notice of appeal as a request for a Certificate of Appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336 (internal quotations omitted); *see also* 28 U.S.C. § 2253(c)(2). Brewer "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Brewer filed a Federal Rule of Civil Procedure 60(b)(6) motion for relief from this Court's adoption of the Magistrate Judge's Report and Recommendation ("R&R") to dismiss Brewer's § 2255 motion. *See* Doc. 53. That motion alleged that this Court violated *Clisby v. Jones* by failing to address and resolve all of Brewer's habeas claims. *See* Doc. 53 at 2; *see also* 960 F.2d 925 (11th Cir. 1992). This Court denied his motion, reasoning that the R&R "recognized Brewer's five grounds for relief and recommended dismissal of all of them as either procedurally barred or inadequately pled." Doc. 60 at 2-3.

The Court also denied Brewer's motion because Brewer unreasonably delayed in filing it. *See id.* at 3.

Reasonable jurists could not debate whether the Court failed to address all of Brewer's habeas claims by adopting the R&R. *See* Doc. 2 (analyzing all of Brewer's claims and recommending their dismissal). Furthermore, no reasonable jurist could debate whether Brewer delayed too long by waiting eleven years from the date this Court adopted the R&R to file his motion. Accordingly, Brewer's implied motion for a COA is ***DENIED***.

Finally, Brewer moves for in forma pauperis ("IFP") status on appeal. *See* Doc. 64.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Brewer's claims are frivolous and his appeal is not taken in good faith. His motion is ***DENIED***.

## CONCLUSION

Brewer's motion for reconsideration, *see* Doc. 61; *see also United States v. Summersett*, No. 6:96-cr-4, Doc. 975 (S.D. Ga. Jan. 24, 2012), is ***DENIED***.

Brewer's "Motion to Hold Rulings on Petitioner's Motion Filed Under Fed. R. Civ. P. Rule 60(b)(6) in Abeyance Until After Resolution of Motion to Recuse," *see* Doc. 62; *see also Summersett*, No. 6:96-cr-4, Doc. 979, is ***DENIED***.

Brewer's implied motion for a COA, *see* Doc. 63; *see also Summersett*, No. 6:96-cr-4, Doc. 980, is ***DENIED***.

2

Brewer's Motion for IFP status on appeal, *see* Doc. 64; *see also Summersett*, No. 6:96-cr-4, Doc. 981, is **DENIED**. The Court assesses the full filing fee of $455.

This 21st day of February 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA