ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 AUG 25 PM 3:32

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| KYLE MICHAEL BREWER, | * | |
| Petitioner, | * | |
| v. | * | CV 600-140 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

# O R D E R

This cause comes before the Court following remand from the Eleventh Circuit Court of Appeals. On June 9, 2015, the Eleventh Circuit found that an anti-filing injunction entered in this case (doc. 90) "was unnecessarily broad and went beyond what was sufficient to protect the court . . . ." (Doc. 103.) It also "functioned as an impermissible restriction on Brewer's constitutional right of access to the courts, because it could prevent him from seeking future legitimate post-conviction relief or relief pursuant to a retroactive change to sentencing laws or guidelines." (Id.) That anti-filing injunction imposed the following restrictions: (1) Mr. Brewer could not appeal any judgment or bring any civil action in forma pauperis ("IFP") unless he was in imminent danger of serious physical injury; (2) he could not file any motions in the instant case; (3) he could not litigate any claim arising from the facts underlying this

case; and (4) he was required to seek leave of court before filing pleadings in any new or pending lawsuit. (Doc. 90.)

Recognizing that "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts[,]" Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc), the Court imposes the following substitute restrictions upon Mr. Brewer:

1. Mr. Brewer is **ENJOINED** from litigating any claims "arising from the facts or transaction already raised and litigated in other cases[.]" Miller v. Donald, 541 F.3d 1091, 1099 (11th Cir. 2008).

2. As to any future civil actions sought to be commenced IFP by Mr. Brewer, the Clerk **SHALL** receive the papers, open a single miscellaneous file for tracking purposes, and forward the papers to the presiding judge for a determination as to whether Mr. Brewer qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be **DISMISSED** without any further judicial action after **30 DAYS** from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future IFP application and complaint that Mr. Brewer endeavors to file, it will not necessarily enter an order addressing the IFP application or complaint. If no order is forthcoming, then **30 DAYS** after the complaint's receipt the Clerk **SHALL**, without awaiting any further direction, notify Mr. Brewer that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

3. The Clerk **SHALL NOT DOCKET** any further motions or papers in this case. The Clerk also **SHALL NOT DOCKET** any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal **SHALL** be returned to Mr. Brewer unfiled. If Mr. Brewer files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Court of Appeals. Mr. Brewer **SHALL** remain responsible for appellate filing fees or he may move this Court to grant IFP status on appeal.

4. To ensure that all future pleadings filed by Mr. Brewer are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Mr. Brewer are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

5. Mr. Brewer may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN TWO YEARS** from the date of this Order.

6. These filing restrictions do not apply to any criminal case in which Mr. Brewer is named as a defendant or to any proper application for a writ of habeas corpus.

A copy of this Order **SHALL** be forwarded to each judicial officer in this district.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE